**SUMMONS - CIVIL**
JD-CV-1 Rev: 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

*RECEIVED*
*JUL 2 9 2015*
*RISK MANAGEMENT*

*See other side for instructions*

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 123 Hoyt Street, Stamford, 06905 | ( 203 ) 965-5308 | AUGUST 25, 2015 <br> Month Day Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number: | Stamford-Norwalk | Major: T   Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| COLLINS HANNAFIN, P.C. | 013472 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 744-2150 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* <br> lgoldstein@chlaw-ct.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| **First Plaintiff** | Name: Jose R. Leston <br> Address: 1 Pine View Circle, New Milford, CT 06776 | P-01 |
| **Additional Plaintiff** | Name: <br> Address: | P-02 |
| **First Defendant** | Name: The Stamford Hospital, 30 Shelburne Road, Stamford, CT 06905 <br> Address: AGENT FOR SERVICE: Corporation Service Company, 50 Weston St., Hartford, CT 06120-1537 | D-01 |
| **Additional Defendant** | Name: <br> Address: | D-02 |
| **Additional Defendant** | Name: <br> Address: | D-03 |
| **Additional Defendant** | Name: <br> Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> Laura A. Goldstein, Esq. | Date signed <br> 07/23/2015 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date <br><br> A TRUE COPY <br> ATTEST <br> DANIEL FICACELLI <br> STATE MARSHALL, HARTFORD COUNT |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 |
|---|
| Priscilla Lathrop, Squire Court, Brookfield, CT 06804 |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Date <br> 07/23/2015 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

COLLINS HANNAFIN, P.C.

ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

RETURN DATE:  AUGUST 25, 2015      : SUPERIOR COURT

JOSE R. LESTON      : J.D. OF STAMFORD-NORWALK

       VS.      : AT STAMFORD

THE STAMFORD HOSPITAL      : JULY 23, 2015

<u>COMPLAINT</u>

<u>FIRST COUNT</u>

     1.     The Plaintiff, Jose R. Leston, ("Plaintiff") is a 44 year old male who resides at 1 Pine View Circle, New Milford, Connecticut.

     2.     The Defendant, The Stamford Hospital ("Defendant"), is located at 30 Shelburne Road, Stamford, Connecticut and employs approximately two thousand five hundred employees.

     3.   The Plaintiff was employed as a radiology technologist at the Defendant from January, 2009 until his involuntary termination of employment on February 27, 2014.

     4.   The Plaintiff took pride in his work and his performance at the Defendant was strong.

     5.   During the course of the Plaintiff's employment, another radiology technologist, Laura Martinelli, made frequent unwelcome sexual comments in the presence of several employees on the Defendant's premises, including detailed descriptions of her genitals and sexual intercourse with her partner.

6. Martinelli's comments were directed toward male employees, including the Plaintiff, as female employees encouraged her by laughing with her at the comments.

7. During the course of the Plaintiff's employment at the Defendant, Martinelli informed the Plaintiff that he had the "prettiest lips" and that she wanted to kiss them, which made the Plaintiff very uncomfortable.

8. She made the aforementioned comment in front of several female employees who laughed in response to Martinelli's comment.

9. Martinelli frequently informed men, including the Plaintiff, that they needed to "get some," in a sexually suggestive manner and in the presence of several female employees eliciting laughter from the female employees.

10. In the presence of her supervisor, a lead technologist named Katie Costello, other female employees, and the Plaintiff, Martinelli commented on how good looking a co-worker named Jason was, and asked if he ever kissed a man.

11. Jason told Martinelli to stop, but she proceeded to ask whether he would kiss a man if he went to prison and a prisoner forced him.

12. Costello and the other female employees laughed while Martinelli continued with her improper sexual inquiries.

COLLINS HANNAFIN, P. C.  •  148 DEER HILL AVENUE  •  DANBURY, CONNECTICUT 06810
ATTORNEYS AT LAW  •  JURIS NUMBER 13472  •  (203) 744-2150

2

COLLINS HANNAFIN, P.C.

ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

13.   During the course of the same incident, Martinelli turned to the Plaintiff, who was also present, and asked if he had ever kissed a guy.

14.   In response, he indicated that he had not kissed a man and that she should stop.

15.   Martinelli continued to harass the Plaintiff, asking the Plaintiff if he would kiss a man if he went to prison.

16.   Again, the Plaintiff asked her to stop.

17.   Costello and the other female employees present made no effort to discourage Martinelli's conduct.

18.   In or about May, 2012, the Plaintiff was standing while filling out a form on a table, when Martinelli walked behind him, slapped and grabbed the Plaintiff's buttocks, and held his genitals.

19.   The Plaintiff expressed his displeasure with this sexual assault, while Costello watched and laughed.

20.   Martinelli responded in a nonchalant manner, "What are you going to do, go to HR?"

21.   The Plaintiff sent an e-mail to Costello a few days later indicating that he was very disturbed by what had occurred.

22.   Following the Plaintiff's aforementioned complaint of sexual harassment, the Plaintiff, the Chief Technologist Jory Vidulich, and Costello attended a meeting, in which  Cindy DeMuro of Human Resources participated by telephone.

3

COLLINS HANNAFIN, P.C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

23.   At the meeting, the Plaintiff reiterated the details of Martinelli's improper conduct, which were verified by Costello.

24.   DeMuro indicated that they all knew that Ms. Martinelli was "out there" and asked what the Plaintiff wanted them to do.

25.   In response, the Plaintiff indicated that if a man had been the perpetrator, without question, the man would have been terminated, and that he was dismayed that his complaint, as a man, was being treated so casually.

26.   Despite the Plaintiff's complaint, Martinelli was not terminated.

27.   Due to the hostile work environment, the Plaintiff transferred to a different department and shift in order to avoid interaction with Martinelli.

28.   Despite his transfer, he was assigned to a patient care in-service training session on July 12, 2012 which was also attended by Martinelli.

29.   There were several different training sessions, and it was not necessary for the Defendant to assign the Plaintiff and Martinelli to the same session.

30.   During the course of the training session, Martinelli turned around in her chair, looked directly at the Plaintiff, and said "You know how I like to grab things" in the presence of the other participants and instructor.

4

31.   The Plaintiff reported this comment to Vidulich and Costello, who simply responded, "Thank you" and gave no indication of any intention to conduct an investigation.

32.   During the course of 2013, Martinelli watched a male employee, John, undress without his consent and asked if she could help him undress.

33.   Throughout the duration of the Plaintiff's employment, Martinelli's improper conduct openly continued, including inappropriate touching and kissing of a male employee, questioning male employees about sexual matters, and discussion of her sex life.

34.   Again, no action was taken against Martinelli.

35.   In contrast, the Defendant retaliated against the Plaintiff for complaining about sexual harassment and sex discrimination.

36.   Vidulich became increasingly critical of the Plaintiff after he complained about the sexual harassment perpetrated by Martinelli and the Defendant's disparate treatment of men and women.

37.   On July 15, 2012, Mr. Leston was admitted to Danbury Hospital in connection with a medical condition.

38.   Vidulich demanded that he provide a medical note regarding his medical condition immediately, although the Hospital policy was to require a medical note after a three day absence.

39.   The Plaintiff reported Vidulich's demand to DeMuro, who indicated that the demand was inappropriate and that she would take care of it.

COLLINS HANNAFIN, P.C. • ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810 • JURIS NUMBER 13472 • (203) 744-2150

5

40.   In February, 2013, Vidulich gave the Plaintiff a class 3 warning regarding job performance, which he challenged.

41.   A class 3 warning typically follows a verbal and written warning and precedes a termination.

42.   The warning was found to be without basis and was rescinded by a management panel, who urged Vidulich to work on her communication with staff.

43.   Following the above incident, the Plaintiff noted to Vidulich that she was constantly pursuing him with no valid reason, and asked her if she learned anything from the experience with the management panel, to which she responded that the only thing she learned was that the next time she came after him, she would do it better.

44.   On May 24, 2013, the Plaintiff received a class 3 warning with regard to a patient being x-rayed in error and another patient not receiving an x-ray, despite the fact that the Plaintiff was acting in accordance with a doctor's directions, and the doctor and nurse offered to speak on the Plaintiff's behalf and explain their roles in the error.

45.   Neither patient was harmed in any way, as both continued to receive x-rays on a daily basis during their hospitalization.

46.   Vidulich would not consider any explanation, indicating that the alleged incident involved a firm, non-negotiable policy.

COLLINS HANNAFIN, P.C.
ATTORNEYS AT LAW   •   148 DEER HILL AVENUE   •   DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472   •   (203) 744-2150

47. Numerous other employees had made comparable or worse errors prior to the Plaintiff's alleged error, with no action taken against them.

48. The Plaintiff has learned that at least five other employees have subsequently been accused of similar or worse errors, but they were not similarly disciplined and Vidulich stated to them that the policy was being changed.

49. This disparate treatment was indicative of the aforementioned retaliation against the Plaintiff, and the Defendant's pattern of treating female employees more favorably than male employees.

50. Another example of disparate treatment is that when the Plaintiff and other male employees incurred injuries, Vidulich would not allow them to return to work until she considered them to be completely recovered, while female employees with injuries were accommodated.

51. Specifically, in October, 2010, the Plaintiff injured his foot and asked to return to work while wearing a walking boot, which would have no impact on his ability to perform his responsibilities.

52. Vidulich refused to allow him to return with the boot, and required him to utilize vacation days during the forced absence, although Vidulich herself reported to work wearing a boot following an injury.

53. On numerous occasions, she had allowed female employees to return to work utilizing crutches and braces, and while they had limited mobility in their arms, which did impact their ability to perform their responsibilities.

COLLINS HANNAFIN, P.C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

COLLINS HANNAFIN, P. C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

54.   Other examples of the disparate treatment include: female employees were given more flexibility than male employees with regard to their work hours, only female employees were encouraged to leave early when the weather was inclement, and the work of female employees was not scrutinized as much as male employees.

55.   On January 21, 2014, during a snowstorm, the Defendant's Head Technician asked the Plaintiff, as a favor, to come to work on the Plaintiff's day off because another employee who was scheduled to work could not make it in due to the weather.

56.   Despite the fact that it took the Plaintiff two and one-half hours to drive to the Defendant because of the dangerous road conditions, the Plaintiff came to work on his day off, and provided his services on what turned out to be an extremely busy day at the Defendant.

57.   Approximately one week later, after another employee received a Kudos award for helping a technician who was busy during his normal working hours, the Plaintiff asked the Head Technician why Vidulich did not even acknowledge the Plaintiff's actions on January 21.

58.   In response to his inquiry, the Head Technician informed him that Vidulich hated the Plaintiff's guts.

59.   On February 14, 2014, Martinelli entered a room in which the Plaintiff and two co-workers were present.  When she saw the Plaintiff, she said "Oh, you," and made a gagging noise.

COLLINS HANNAFIN, P.C.  •  148 DEER HILL AVENUE  •  DANBURY, CONNECTICUT 06810
ATTORNEYS AT LAW    JURIS NUMBER 13472  •  (203) 744-2150

60.   The same day, the Plaintiff complained about this incident to Vidulich and Costello, indicated that Martinelli was out of control, and asked for something to be done, and again, their response was only, "Thank you."

61.   On February 27, 2014, the Plaintiff was contacted by Department Head Marci Paulk and Vidulich.

62.   The Plaintiff was hoping that they would be addressing his complaints about Martinelli, but instead, they accused him of not following patient identification procedure and terminated his employment.

63.   This accusation was not based on any error in patient identification, but an alleged vague observation by the Defendant of the Plaintiff.

64.   The Plaintiff attempted to respond to the accusation, noting that he consistently surpassed the Defendant's requirements of patient identification, but Paulk and Vidulich were not interested in listening to him, just as no one was interested in hearing his complaints about sexual harassment or discrimination.

65.   The Defendant's retaliatory and hostile conduct against the Plaintiff continued after his termination of employment, when the Defendant issued a B.O.L.O ("Be on the look out") Security Alert dated March 12, 2014 (hereafter "Security Alert") which was brought to the Plaintiff's attention by several of the Defendant's employees and was sent to him via regular mail, and contained the Plaintiff's name, photograph, race, sex, and hair and eye color and stated:

9

*"Subject is a former employee.   Subject was an involuntary termination that has a strong fascination with fire arms.  Subject has not made any threats.  If the subject is observed on property approach with caution and inform him that former employees should not be on campus unless they are being treated or visiting a patient.  Should the subject escalate immediately notify SPD.  Immediately advise J. Hines if this individual is observed on property."*

66.    The Defendant distributed and posted the Security Alert throughout Stamford Hospital, which has thousands of employees and visitors present daily, and left the Security Alert on the floor by the patient entrance of the emergency room, which was visible to anyone who entered the hospital.

67.    It was improper for the Defendant to publish a Security Alert discussing the Plaintiff's termination of employment, wrongly accusing him of having a strong fascination with firearms, and portraying him as a dangerous individual, particularly in light of the Plaintiff's professional demeanor during his entire time of employment.

68.    During his employment at the Defendant, the Plaintiff had never seen a security alert issued for any other employee.

69.    The Security Alert has irreparably damaged the Plaintiff's reputation at the Defendant and his ability to return to work at the Defendant in the future or for any health care providers associated with the Defendant.

70.    The Defendant violated Connecticut General Statutes §§ 46a-60(a)(1), (4), and (8) in one or more of the following ways:

COLLINS HANNAFIN, P. C.   •   ATTORNEYS AT LAW   •   148 DEER HILL AVENUE   •   DANBURY, CONNECTICUT 06810   JURIS NUMBER 13472   •   (203) 744-2150

10

COLLINS HANNAFIN, P.C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2180

a.   The Defendant discriminated against the Plaintiff based on sex in that he was a member of a protected class, he was qualified for his position, he suffered adverse employment actions, and the adverse actions occurred under circumstance giving rise to an inference of discrimination;

b.   The Plaintiff was sexually harassed at the Defendant, in that he was subjected to severe and pervasive unwelcome conduct of a sexual nature which had the purpose of creating an intimidating, hostile, and/or offensive work environment; and

c.   The Defendant retaliated against the Plaintiff during and following his employment in that he engaged in a protected activity by opposing and complaining about the sexual harassment and sex discrimination that he experienced and observed, the Defendant was aware of his opposition and complaints, and he suffered adverse employment actions as a result of his opposition and complaints.

71.   The Plaintiff has incurred, and continues to incur, significant damages as a result of the Defendant's above illegal conduct, including but not limited to lost wages and benefits, emotional distress, and attorney's fees and costs.

72.   On or about August 22, 2014, the Plaintiff filed a Complaint with the Connecticut Commission on Human Rights and Opportunities (Hereafter "CCHRO") against the Defendant.

73.   On or about June 10, 2015, the CCHRO released its jurisdiction over the aforementioned Complaint at the Plaintiff's request in accordance with Connecticut General Statutes Section 46a-101. A copy of the Release is attached hereto and incorporated herein as Exhibit A.

11

74.    A copy of this Complaint is being served on the CCHRO.

## SECOND COUNT

1.-69.    Paragraphs 1 through 69 of the First Count are incorporated herein as paragraph 1 through 69 of the Second Count as if fully set forth herein.

70.    The Defendant violated Title VII, 42 United States Code § 2000e et seq., including §§ 2000e-2 and 2000e-3, in one or more of the following ways:

a.    The Defendant discriminated against the Plaintiff based on sex in that he was a member of a protected class, he was qualified for his position, he suffered adverse employment actions, and the adverse actions occurred under circumstance giving rise to an inference of discrimination;

b.    The Plaintiff was sexually harassed at the Defendant, in that he was subjected to severe and pervasive unwelcome conduct of a sexual nature which had the purpose of creating an intimidating, hostile, and/or offensive work environment; and

c.    The Defendant retaliated against the Plaintiff during and following his employment in that he engaged in a protected activity by opposing and complaining about the sexual harassment and sex discrimination that he experienced and observed, the Defendant was aware of his opposition and complaints, and he suffered adverse employment actions as a result of his opposition and complaints.

71.    The Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual, the Plaintiff.

COLLINS HANNAFIN, P.C.
ATTORNEYS AT LAW  •  148 DEER HILL AVENUE  •  DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472  •  (203) 744-2150

12

COLLINS HANNAFIN, P. C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

72.    The Plaintiff has incurred, and continues to incur, significant damages as a result of the Defendant's above illegal conduct, including but not limited to lost wages and benefits, emotional distress, and attorney's fees and costs.

73.    On or about August 22, 2014, the Plaintiff filed a Complaint with the Equal Employment Opportunity Commission (Hereafter "EEOC") against the Defendant.

74.    On or about June 25, 2015, the EEOC issued a Notice of Right to Sue at the Plaintiff's request.  A copy of the Notice of Right to Sue is attached hereto as Exhibit B.

75.    A copy of this Complaint is being sent to the EEOC.

**THIRD COUNT**

I.-69.    Paragraph 1 through 69 of the First Count are incorporated herein as paragraph 1 through 69 of the Third Count as if fully set forth herein.

70.    The Security Alert contained information about the Plaintiff that was untrue, including the statement that he has a strong fascination with fire arms and should be approached with caution, and implied that the Plaintiff was dangerous.

71.    Such statements in the Security Alert were untrue and distributed and published by the Defendant with knowledge that they were untrue and/or with reckless disregard of whether the information in the Security Alert was true.

13

72.    The Security Alert constituted libel per se in that it falsely portrayed the Plaintiff as a dangerous individual and was injurious to his profession and calling.

73.    The Plaintiff has incurred damages as a result of the aforementioned libel.

## FOURTH COUNT

1.-71.    Paragraph 1 through 71 of the Third Count are incorporated herein as paragraph 1 through 71 of the Fourth Count as if fully set forth herein.

72.    The Security Alert caused injury to the Plaintiff's reputation.

73.    The Plaintiff has incurred damages as a result of the aforementioned libel.

## FIFTH COUNT

1.-69.    Paragraph 1 through 69 of the First Count are incorporated herein as paragraph 1 through 69 of the Fifth Count as if fully set forth herein.

70.    The Security Alert constituted publicity of the Plaintiff by the Defendant.

71.    The publicity was given to a matter concerning the private life of the Plaintiff.

72.    The publicized matter was of a kind that would be highly offensive to a reasonable person, and was not a legitimate concern to the public.

73.    The Plaintiff has incurred damages as a result of the Defendant's invasion of his privacy.

COLLINS HANNAFIN, P. C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

14

## SIXTH COUNT

    1.-71.  Paragraph 1 through 71 of the Third Count are incorporated herein as paragraph 1 through 71 of the Sixth Count as if fully set forth herein.

    72.  The Security Alert falsely portrayed the Plaintiff as a dangerous individual with a strong fascination with firearms.

    73.  The false light in which the Plaintiff was placed would be highly offensive to a reasonable person.

    74.  The Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

    75.  The Plaintiff has incurred damages as a result of the Defendant's invasion of his privacy.

## SEVENTH COUNT

    1.-69.  Paragraphs 1 through 69 of the First Count are incorporated herein as paragraphs 1 through 69 of the Seventh Count as if fully set forth herein.

    70.  The Defendant intended to inflict emotional distress on the Plaintiff, or knew or should have known that emotional distress was a likely result of its conduct.

    71.  The Defendant's conduct was extreme and outrageous.

    72.  The Defendant's conduct was the cause of the Plaintiff's distress.

COLLINS HANNAFIN, P. C.
ATTORNEYS AT LAW  •  148 DEER HILL AVENUE  •  DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472  •  (203) 744-2150

15

73.   The emotional distress sustained by the Plaintiff was severe, including sleeplessness, loss of appetite, and feelings of humiliation, stress, depression, and anxiety.

## EIGHTH COUNT

1.-69.   Paragraphs 1 through 69 of the First Count are incorporated herein as paragraphs 1 through 69 of the Eighth Count as if fully set forth herein.

70.   The Defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress, and that distress, if it were caused, might result in illness or bodily harm.

<div style="margin-left:40%">

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
JOSE R. LESTON

By

Laura A. Goldstein
COLLINS HANNAFIN, P.C.
148 Deer Hill Avenue
Danbury, CT  06810
His Attorneys
Telephone:  (203) 744-2150
Juris No. 13472

</div>

A TRUE COPY
ATTEST
DANIEL FICACELLI
STATE MARSHALL, HARTFORD COUNTY

16

COLLINS HANNAFIN, P.C.
ATTORNEYS AT LAW  •  148 DEER HILL AVENUE  •  DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472  •  (203) 744-2150

RETURN DATE:  AUGUST 25, 2015        : SUPERIOR COURT

JOSE R. LESTON        : J.D. OF STAMFORD-NORWALK

      VS.        : AT STAMFORD

THE STAMFORD HOSPITAL        : JULY 23, 2015

## PLAINTIFF'S CLAIMS FOR RELIEF

**WHEREFORE**, the Plaintiff claims:

1. Monetary damages in an amount greater than Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of attorney's fees, interest, and costs;

2. Attorneys' fees and costs pursuant to Connecticut General Statutes §46a-104;

3. Attorneys' fees and costs pursuant to 42 U.S.C. 2000e-5;

4. Punitive damages pursuant to 42 U.S.C. 1981a;

5. Punitive Damages; and

6. Such other relief as is equitable and just.

17

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
JOSE R. LESTON

By _Laura A. Goldstein_
Laura A. Goldstein
COLLINS HANNAFIN, P.C.
148 Deer Hill Avenue
Danbury, CT  06810
His Attorneys
Telephone:  (203) 744-2150
Juris No. I3472

A TRUE COPY
ATTEST:
DANIEL FICACELLI
STATE MARSHALL, HARTFORD COUNTY

COLLINS HANNAFIN, P.C.
ATTORNEYS AT LAW   •   148 DEER HILL AVENUE   •   DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472   •   (203) 744-2150

18



# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Jose R. Leston
**COMPLAINANT**

CHRO No. 1520084

vs.

Stamford Hospital
**RESPONDENTS**

EEOC No. 16A-2014-01642

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

June 10, 2015
DATE

Tanya A. Hughes, Executive Director

cc:   Laura A. Goldstein, Esq., via email: lgoldstein@chlaw-ct.com
      Michael J. Soltis, Esq., via email: soltism@jacksonlewis.com
      Justin E. Theriault, Esq., via email: Justin.theriault@jacksonlewis.com



EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jose R. Leston<br>1 Pine View Cir<br>New Milford, CT 06776 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2014-01642 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- [X] More than 180 days have passed since the filing of this charge.

- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

- [X] The EEOC is terminating its processing of this charge.

- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

Feng K. An,
Area Office Director

JUN 2 5 2015
*(Date Mailed)*

Enclosures(s)

cc:

STAMFORD HOSPITAL
30 Shelburne Rd
Stamford, CT 06904

Laura A. Goldstein
COLLINS HANNAFIN PC
148 deer hill ave
Danbury, CT 06810