UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JOSE R. LESTON, | : | Civil Action No. |
| Plaintiff, | : | |
| | : | 3:15-cv-01260-AVC |
| v. | : | |
| | : | |
| STAMFORD HOSPITAL, | : | |
| Defendant. | : | JULY 1, 2016 |
| | : | |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7 and 56, Defendant Stamford Hospital ("Defendant" or the "Hospital"), by and through its attorneys Jackson Lewis P.C., hereby moves for summary judgment in its favor on all counts Plaintiff's Complaint, dated July 23, 2015 (Doc. No. 1-1) ("Complaint"). In his eight-count complaint, Plaintiff asserts the following claims: Gender discrimination, sexual harassment, and retaliation in violation of the Connecticut Fair Employment Practices Act (First Count); gender discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (Second Count); libel per se (Third Count); libel (Fourth Count); publicity of private facts (Fifth Count); false light (Sixth Count); intentional infliction of emotional distress (Seventh Count) and negligent infliction of emotional distress (Eighth Count). (*See* Complaint).

Defendant is entitled to summary judgment on Plaintiff's gender discrimination claims in the First and Second Counts of the Complaint because Plaintiff fails to set forth a *prima facie* case of gender discrimination or to demonstrate that the reasons for his termination were a mere pretext for unlawful discrimination. Defendant is entitled to summary judgment on Plaintiff's sexual harassment claims in the First and Second Counts of the Complaint because

ORAL ARGUMENT REQUESTED

they are untimely. Defendant is entitled to summary judgment on Plaintiff's retaliation claims in the First and Second Counts of the Complaint because Plaintiff cannot establish a causal connection between any protected activity and his termination or otherwise show that the reasons for his termination were pretextual.

Summary judgment should be granted on Plaintiff's libel and libel per se claims in the Third and Fourth Counts of the Complaint because the subject of those claims, a "Be On the Look Out" ("BOLO") notice, (1) was protected by a qualified or conditional privilege; (2) was true; and (3) was protected opinion. Defendant is also entitled to summary judgment on Plaintiff's libel per se claim because Plaintiff cannot establish a per se defamation claim based on the content of the BOLO notice. Defendant is additionally entitled to summary judgment on Plaintiff's libel claim because Plaintiff cannot demonstrate the existence of pecuniary harm.

Defendant is entitled to summary judgment on Plaintiff's publicity of private facts claim in the Fifth Count of the Complaint because: (1) Defendant did not give unreasonable publicity to the BOLO notice; and (2) the facts in the BOLO notice were not part of Plaintiff's "private life."

Summary judgment should be granted on Plaintiff's false light claim in the Sixth Count of the Complaint because: (1) the content of the BOLO notice was true; (2) Defendant did not have knowledge of or act in reckless disregard as to any alleged falsity of the statements in the BOLO notice; and (3) the statements in the BOLO notice would not permit serious offense to be taken by a reasonable person in Plaintiff's position.

Defendant is entitled to summary judgment on Plaintiff's intentional infliction of emotional distress claim in the Seventh Count of the Complaint because Plaintiff cannot establish that he was subjected to extreme and outrageous conduct. Similarly, summary judgment

should be granted on Plaintiff's negligent infliction of emotional distress claim in the Eighth Count of the Complaint because Plaintiff cannot establish wrongful conduct during the termination process.

The supporting Local Rule 56(a)(1) Statement, Memorandum of Law in support of this motion, as well as their accompanying affidavits and exhibits demonstrate that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant respectfully requests that the Court grant summary judgment in favor of Defendant on Plaintiff's Complaint in its entirety.

                                        DEFENDANT,
                                        STAMFORD HOSPITAL

By:     */s/ Justin Theriault*
     Michael J. Soltis (CT07143)
     Justin Theriault (CT28568)
     JACKSON LEWIS P.C.
     1010 Washington Boulevard, 7th Floor
     Stamford, CT 06901
     Tel: (203) 961-0404
     Fax: (203) 324-4704
     Email: soltism@jacksonlewis.com
            justin.theriault@jacksonlewis.com

## **CERTIFICATION OF SERVICE**

       I hereby certify that on July 1, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

           */s/ Justin Theriault*
           Justin Theriault

4828-2875-7300, v. 1